UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LEON POTTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-0188-CVE-PJC |
| ) | |
| TOM GIBSON; BRET HUBBARD; ) | |
| CINDY ALLMAN; VERNA ALBERTY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state prisoner appearing *pro se*. Plaintiff alleges that Defendants have been deliberately indifferent to his medical needs while he has been incarcerated at Northeast Oklahoma Correctional Center ("NOCC"). Defendants have filed a Special Report (Dkt. # 26). Presently before the Court are the following motions: Defendants' motion to dismiss (Dkt. # 25), Plaintiff's motion for appointment of counsel (Dkt. # 27), Plaintiff's motion to amend and supplement (Dkt. # 29), Plaintiff's motion for temporary restraining order and/or preliminary injunction (Dkt. # 32), Plaintiff's second motion for temporary restraining order and/or preliminary injunction (Dkt. # 40), Plaintiff's motion to stay proceedings (Dkt. # 41), Plaintiff's second motion to amend and supplement (Dkt. # 45), Plaintiff's third motion for temporary restraining order and/or preliminary injunction (Dkt. # 55), and Plaintiff's motion for emergency temporary restraining order (Dkt. # 62). For the reasons discussed below, the Court finds Plaintiff's second motion to amend and supplement shall be granted; Plaintiff's motion for appointment of counsel and motions for temporary restraining order shall be denied; Plaintiff's first motion to amend, his motion to stay, and Defendants' motion to dismiss shall be declared moot.

**A.     Plaintiff's Motions to Amend (Dkt. ## 29, 45)**

Plaintiff filed his original complaint on April 4, 2006 (Dkt. # 1), and an amended complaint on April 19, 2006 (Dkt. # 7). After service of process, Defendants entered an appearance (Dkt. # 17). On September 5, 2006, Defendants filed a motion to dismiss alleging Plaintiff failed to exhaust his administrative remedies (Dkt. # 25). Plaintiff filed his first motion for leave to amend and supplement the record on September 11, 2006 (Dkt. # 29). Defendants filed an objection (Dkt. # 31). On October 25, 2006, Plaintiff filed a second motion for leave to amend and supplement (Dkt. # 45). On March 6, 2007, the Defendants filed a notice to court (Dkt. # 63) advising that the Supreme Court's decision in Jones v. Bock, --U.S.--, 127 S. Ct. 910 (2007), struck down the total exhaustion doctrine relied upon by Defendants in their motion to dismiss. Defendants also advised that they have no objection to Plaintiff's motion to amend filed on October 25, 2006. Defendants request twenty (20) days to respond to the Second Amended Complaint, if filed.  See Dkt. # 63.

The Court finds that Plaintiff's second motion for leave to amend and supplement (Dkt. # 45) shall be granted and the proposed amended complaint submitted by Plaintiff shall be filed of record.  Defendants shall answer or otherwise plead to the second amended complaint within twenty (20) days of the entry of this Order. In addition, Defendants shall supplement their Special Report as necessary in light of the additional factual allegations made by Plaintiff in his second amended complaint.  In light of the foregoing, the Court finds Plaintiff's first motion for leave to amend and supplement filed on September 11, 2006 (Dkt. # 29) shall be declared moot.

**B.     Defendants' motion to dismiss (Dkt. # 25) and Plaintiff's motion to stay (Dkt. # 41)**

Defendants filed a motion to dismiss the (first) amended complaint filed by Plaintiff on April 19, 2006. As noted above, the Court has granted Plaintiff's request to file a second amended

2

complaint. Accordingly, Defendants' motion to dismiss the first amended complaint (Dkt. # 25) shall be declared moot. Further, Plaintiff's request to stay proceedings and/or for extension of time (Dkt. # 41) shall be declared moot as Plaintiff sought additional time in the motion to investigate and respond to Defendants' motion to dismiss.  As the motion to dismiss has been rendered moot, Plaintiff's motion to stay or for additional time to investigate has been rendered moot.

**C.     Plaintiff's motion for appointment of counsel (Dkt. # 27)**

On September 11, 2006, Plaintiff filed a motion for appointment of counsel (Dkt. # 27). Plaintiff argues that counsel should be appointed because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate his case which will involve "substantial investigation and discovery," the issues in this case "may become" too complex, and a lawyer would assist at trial in the presentation of evidence and cross-examination of witnesses. "There is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). Under 28 U.S.C. § 1915(e)(1), this court is permitted to appoint counsel after considering "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). The Court has given careful consideration to all the factors in this case which might be relevant to Plaintiff's request for counsel. Plaintiff's submissions indicate he is capable of conducting legal research and articulating legal arguments. After reviewing Plaintiff's claims, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present the case, and the complexity of the legal issues, see Rucks, 57 F.3d at 979 (cited

cases omitted); see also McCarthy v. Weinberg, 753 F.2d 836, 838-40 (10th Cir. 1985), the Court finds Plaintiff's motion for appointment of counsel shall be denied.

**D.     Plaintiff's motions for temporary restraining order and/or preliminary injunction (Dkt. ## 32, 40, 55, 62)**

To obtain temporary injunctive relief, Plaintiff must demonstrate that he has a substantial likelihood of success on the merits, that he will suffer irreparable injury absent the injunction, that the threatened injury to him outweighs any damage the injunction may cause his opponent, and that the injunction would not be adverse to the public interest. Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F. 3d 1163, 1171 (10th Cir. 1998); Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). The limited purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981).  Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal.  Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).  For the reasons discussed below, the Court finds Plaintiff's requests for injunctive relief shall be denied.

On September 19, 2006, Plaintiff filed his first motion for temporary restraining order and/or preliminary injunction asking the Court to order the "administrative authority" to answer certain of his grievances, allow him to further exhaust administrative remedies, and order Defendants to lift the grievance restriction on Plaintiff (Dkt. # 32). Defendants have filed a response to Plaintiff's motion, noting that Plaintiff's motion concerns the alleged spread of staphylococcus infection at NOCC and seeks relief against non-parties (Dkt. # 37). Plaintiff has filed a reply in which he states he is "not trying to bind non-parties" but is seeking injunctive relief from the "defendant employer." (Dkt. # 38).

In his second motion for temporary restraining order and/or preliminary injunction filed October 11, 2006, Plaintiff requests that be allowed "to see a third party pain specialist, Neurologist, and/or Orthopedic specialist, to receive an unbiased opinion and treatment for his injury." (Dkt. # 40). Defendants respond that Plaintiff has failed to demonstrate that he is in immediate and irreparable injury if he is not referred to se a third party pain specialist, neurologist and/or orthopedic specialist (Dkt. # 44). Defendants also assert that Plaintiff has failed to demonstrate that Defendants would not be harmed if the injunction did issue, and has failed to demonstrate that he is likely to succeed on the merits of his claims against Defendants or that the relief he requests would be in the best interests of the public. Id. at 3-4. Plaintiff states in his reply that if he were allowed to see an outside specialist it could possibly help to determine the outcome of these proceedings (Dkt. # 49).

On December 28, 2006, Plaintiff filed his third request for temporary restraining order and/or preliminary injunction (Dkt. # 55). He asks the Court to intervene into the spread of staphylococcus infection because "the unsafe and uncarring [sic] spread of disease should be addressed at the facility level, and possibly through out the entirer [sic] Department of Correction." Id. at 6. He asks the Court to order the Department of Corrections to start screening food service workers before being placed in the kitchen serving food. Id. at 3. Defendants respond that Plaintiff has failed to demonstrate that the extraordinary injunctive relief he requests is warranted (Dkt. # 56). Plaintiff replies that what he is requesting is a precautionary measure that the State should welcome (Dkt. # 57).

On February 23, 2007, Plaintiff filed a request for an emergency temporary restraining order asking the Court for an order that will prevent retaliatory action by the Defendants in this case, and prevent misconducts that have no merit (Dkt. # 62). He complains that he has been threatened with

misconducts from medical staff for such things as showing up too early, has been threatened "to locked up for him to do physical therapy, inmate not moving as fast as the RN wished him to" and has been suffering acts of reprisal from the facility's head nurse, Defendant Allman. Id. at 2.

The Court finds that in each of his motions, Plaintiff has failed to establish that his right to the requested relief is clear and unequivocal. Kikumura, 242 F.3d at 955. In addition, Plaintiff has failed to establish the existence of the four conditions required for issuance of the temporary relief he has requested. Lundgrin, 619 F. 2d at 63. In his first motion, the Court finds the administrative authorities are not parties to this action and that the exhaustion status of the claims asserted in the second amended complaint will be determined upon filing of the second amended complaint as directed herein. As to Plaintiff's subsequent requests for injunction relief, the Court finds Plaintiff has failed to demonstrate a substantial likelihood that he will succeed on the merits, that he will suffer irreparable harm if temporary relief is not granted, that the threatened injury to him outweighs any damage the injunction may cause his opponent, and that the injunction would not be adverse to the public interest. Therefore, Plaintiff's motions for temporary restraining order/ preliminary injunction (Dkt. ## 32, 40, 55, 62) shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's second motion to amend and supplement (Dkt. # 45) is **granted**.
2. The Clerk of Court shall file the second proposed amended complaint of record as of October 25, 2006.
3. Defendants shall answer or otherwise plead to the second amended complaint within twenty (20) days of the entry of this Order. Should Defendants file dispositive motion(s), Plaintiff shall file a response within eighteen (18) days after the filing of Defendants' motion(s).

**Failure to file a response could result in the entry of relief requested in the motion(s). <u>See</u> LCvR 7.2(e),(f)**.

4. Defendants shall supplement their Special Report as necessary in light of the additional factual allegations made by Plaintiff in his second amended complaint.

5. Defendants' motion to dismiss (Dkt. # 25), Plaintiff's first motion to amend and supplement (Dkt. # 29), and Plaintiff's motion to stay and/or motion for extension of time (Dkt. # 41) are **declared moot**.

6. Plaintiff's motion for appointment of counsel (Dkt. # 27), and motions for temporary restraining order and/or preliminary injunction (Dkt. ## 32, 40, 55, 62) are **denied**.

**DATED** this 18th day of June, 2007.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE